# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JONATHON S. DAVIS                                                                          PLAINTIFF

v.                                      4:18CV00765-BSM-JTK

DOC HOLIDAY, et al.                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such

1

a

Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Jonathon Davis is an inmate confined at the Pulaski County Detention Facility (Jail) who filed this pro se 42 U.S.C. § 1983 action alleging unconstitutional conditions of confinement (Doc. No. 2). By Order dated November 20, 2018 (Doc. No. 7), this Court granted Plaintiff's Motion to Proceed in forma pauperis and directed him to submit an Amended Complaint within thirty days. Plaintiff submitted an Amended Complaint on December 10, 2018, but he failed to allege facts against Defendants which

supported a constitutional claim for relief. (Doc. No. 9) Therefore, by Order dated December 12, 2018, the Court provided Plaintiff one final opportunity to submit an second Amended Complaint in thirty days which alleged sufficient facts in accordance with directions set forth in the Order (Doc. No. 10). As of this date, Plaintiff has not submitted a second Amended Complaint

Having reviewed Plaintiff's Amended Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

## II.   Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III. Facts and Analysis

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff alleged in his Amended Complaint that Defendant Holiday "is allowing the Jail to house inmate in unhealthy unclean living conditions!!"

(Doc. No. 9 p. 4) He then listed the conditions which he claimed to have made him ill. (Id.) The Court noted in the December 12, 2018 Order that Plaintiff did not state whether he contacted Defendant Holiday concerning the conditions, how Holiday was aware of the conditions, or any other facts in support of his claim, and that he failed to list allegations against Defendant Pulaski County. Since Plaintiff did not submit a second Amended Complaint to include specific allegations against Defendants Holiday and Pulaski County, the Court finds they should be dismissed.

In addition, Defendant Pulaski County Detention Facility (Jail) should be dismissed, because it is not considered a "person" within the meaning of 42 U.S.C. § 1983. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); Ketchum v. City of West Memphis, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

Therefore, because Plaintiff failed to submit a second Amended Complaint to clarify his allegations against Defendants, the Court finds the Amended Complaint should be dismissed, for failure to state a claim upon which relief may be granted.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.	Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.	The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 17th day of January, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an <u>in forma pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.